IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| GEORGE SKIPPER, VERONICA SKIPPER, MICHAEL PERRY BOWERS, SPECIALTY LOGGING, LLC, and HAROLD MOORS,<br><br>　　　　　Plaintiffs,<br>v.<br><br>ACE PROPERTY AND CASUALTY INSURANCE COMPANY, BRANTLEY C. ROWLEN, and ERIN LAWSON COIA,<br><br>　　　　　Defendants. | CIVIL ACTION NO. _____<br><br><br><br>**NOTICE OF REMOVAL** |

TO:　The Honorable United States District Court for the District of South Carolina, Aiken Division

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant ACE Property and Casualty Insurance Company ("ACE") files this Notice of Removal removing this action from the Court of Common Pleas of Allendale County, South Carolina. The grounds for removing this action are as follows:

### THE COMPLAINT

1.　On January 15, 2014, Plaintiffs George Skipper, Veronica Skipper, Specialty Logging, LLC, Michael Bowers, and Harold Moors commenced a civil action in the Court of Common Pleas of Allendale County, South Carolina. ACE was served with the Complaint on January 24, 2014. A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit 1**. This Notice of Removal is timely filed pursuant to 28 U.S.C.

1

§ 1446(b) in that it is filed within thirty (30) days from the date on which ACE was first served with the summons and Complaint.

2. The Complaint asserts various state-law causes of action and claims for relief against ACE, all of which purportedly arise from ACE's alleged bad faith and mishandling of personal injury and related loss of consortium claims that Plaintiffs George and Veronica Skipper (the "Skipper Plaintiffs") asserted against ACE's insured Specialty Logging, LLC and its insured driver Harold Moors (who together with Plaintiff Michael Bowers are the "Specialty Logging Plaintiffs"). The Skipper Plaintiffs' underlying claims arose from a September 22, 2010 accident involving Plaintiff George Skipper and a Specialty Logging truck driven by Moors.

3. The Complaint also asserts various state-law causes of action and claims for relief against Defendants Brantley Rowlen and Erin Coia, both of whom are attorneys in the Atlanta, Georgia office of the law firm of Lewis Brisbois Bisgaard & Smith LLP, and therefore are referred to as the "Lewis Brisbois Defendants." ACE retained Lewis Brisbois to represent Specialty Logging's and Moors' interests and defend them against the underlying claims.

4. The Skipper Plaintiffs' claims against ACE and the Lewis Brisbois Defendants derive entirely from a purported assignment of claims from the Specialty Logging Plaintiffs to the Skipper Plaintiffs. The assignment was part of a larger Settlement Agreement, Agreement to Stay Execution of Judgment, and Springing Covenant Not to Execute between the Skipper Plaintiffs and the Specialty Logging Plaintiffs dated January 9, 2014 (the "Settlement Agreement and Assignment"), a copy of which is attached to the Complaint as **Exhibit B**.

3055899v1/014141

5. Pursuant to the Settlement Agreement and Assignment, the Specialty Logging Plaintiffs agreed to admit liability for the Skippers Plaintiffs' underlying claims and execute a Confession of Judgment against them in the amount of $4,500,000 in exchange for the Skipper Plaintiffs' agreement that they would not enforce, execute, or levy upon the Specialty Logging Plaintiffs' personal assets for the judgment. Ex. B to Ex. 1, §§ 3.1, 4.3. A copy of the Confession of Judgment is attached to the Complaint as **Exhibit A**. Further, pursuant to the Confession of Judgment, the Skipper Plaintiffs agreed that their counsel would hold the Confession of Judgment in trust until such time as the Specialty Logging Plaintiffs failed to meet the terms or the conditions precedent to the filing of the Confession of Judgment. Ex. A to Ex. 1, ¶2.

## GROUNDS FOR REMOVAL

6. The Court has diversity jurisdiction over this action pursuant to 28 U.S.C. § 1332(a).

7. The amount in controversy exceeds $75,000. Although the Complaint does not pray for a specific sum, it is apparent that Plaintiffs seek to recover at least $4,500,000, the amount of the confessed judgment. *See* Ex. A to Ex. 1 at 2.

8. ACE respectfully submits that the Court should deem this action as being between citizens of different States. As further described below, the Skipper Plaintiffs have no valid claims to assert because the Settlement Agreement and Assignment is invalid, the Skipper Plaintiffs' claims against the Lewis Brisbois Defendants were fraudulently joined, or, on information and belief, the assignment of claims against the Lewis Brisbois Defendants was collusive and designed to defeat diversity jurisdiction. When the

3

fraudulently joined parties and/or the collusively assigned claims are excluded from the analysis, then this action is between citizens of different States.

9. The Skipper Plaintiffs are citizens and residents of Georgia, Ex. 1 ¶1, but their residency must be disregarded for the reasons set forth below.

10. The Specialty Logging Plaintiffs are citizens and residents of South Carolina. *Id.* ¶¶2–4.

11. The Complaint does not specifically allege ACE's domicile. *See id.* ¶6. ACE is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. Thus, for purposes of diversity jurisdiction, ACE is a citizen of Pennsylvania. *See* 28 U.S.C. § 1332(c)(1).

12. The Lewis Brisbois Defendants are citizens and residents of Georgia, Ex. 1 ¶¶7–8, but their residency must be disregarded for the reasons set forth below.

13. "Complete diversity" exists in the absence of the Skipper Plaintiffs and the claims they have asserted against the Lewis Brisbois Defendants. For jurisdictional purposes, the Skipper Plaintiffs and the claims they have asserted should be disregarded for several reasons.

14. <u>First</u>, the Settlement Agreement and Assignment is invalid as a matter of law. "The Fourth Circuit, applying South Carolina law, has held that a settlement agreement between an insured and an injured party in which the insurer remains liable while the insured is insulated from any personal liability is presumptively unreasonable and therefore invalid." *St. Paul Travelers v. Payne*, 444 F. Supp. 2d 519, 521 (D.S.C. 2006) (invalidating a settlement agreement in which the insured confessed judgment for a specified amount in

4

exchange for a promise that satisfaction of the judgment will not be sought against him) (citing *Stonehenge Eng'g Corp. v. Emp'rs Ins. of Wausau*, 201 F.3d 296, 306 (4th Cir. 2000) (holding as unreasonable and invalid a confession of judgment because "an insured should not be allowed to seek indemnity from a liability carrier for 'amounts that the insured does not expect to pay out of its own resources'") (quoting *Hitt v. Cox*, 737 F.2d 421, 426 (4th Cir. 1984))). This Court recently applied this rule to invalidate a settlement agreement and assignment under circumstances virtually identical to this case. *See Peak Prop. & Cas. Ins. Corp. v. Davis*, 2013 WL 1182679, *2–4 (D.S.C. Mar. 21, 2013) (Anderson, J.) (included in **Exhibit 2**), *overruling objections to* Magistrate Judge's Report and Recommendation 2013 WL 1182683 (D.S.C. Jan. 22, 2013) (Gossett, Mag. J.) (included in **Exhibit 2**).

15.     Because the Settlement Agreement and Assignment is invalid, the Skipper Plaintiffs have no claims to assert against the Lewis Brisbois Defendants (or ACE), and therefore cannot possibly recover against them. As such, the Skipper Plaintiffs and the claims they have asserted against ACE and the Lewis Brisbois Defendants have been "fraudulently joined." *See Hartley v. CSX Transp., Inc.*, 187 F.3d 422, 424 (4th Cir. 1999) ("To show fraudulent joinder, the removing party must demonstrate either (1) outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court.").[1]

---

[1] "'Fraudulent joinder' is a term of art; it does not reflect on the integrity of plaintiff or counsel, but is merely the rubric applied when a court finds either that no cause of action is stated against the nondiverse defendant or in fact no cause of action exists." *AIDS Counseling & Testing Ctrs. v. Group W Television, Inc.*, 903 F.2d 1000, 1003 (4th Cir. 1990) (quoting *Lewis v. Time Inc.*, 83 F.R.D. 455 (E.D. Cal. 1979)).

5

16. <u>Second</u>, even if the Settlement Agreement and Assignment is not invalid in its entirety under the above-cited authorities, the Skipper Plaintiffs cannot possibly recover from the Lewis Brisbois Defendants. The Court therefore should disregard the fact that the Skipper Plaintiffs and the Lewis Brisbois Defendants are non-diverse. The Skipper Plaintiffs' first cause of action against the Lewis Brisbois Defendants is for legal malpractice. Ex. 1 ¶¶ 58–63. That claim is not assignable under South Carolina law. *See, e.g.*, *Pavilion Dev. Corp. v. Nexsen Pruet, LLC*, 2013 WL 5925732, *4–9 (S.C. Com. Pl. Oct. 9, 2013) (conducting an exhaustive multi-state survey and holding that the assignment of a legal malpractice claim between adversaries in the litigation in which the alleged malpractice arose was void as against public policy) (included in **Exhibit 2**).

17. The Skipper Plaintiffs' second cause of action against the Lewis Brisbois Defendants is for breach of fiduciary duty. Ex. 1 ¶¶ 64–69. That claim provides no more basis for relief than the invalidly assigned legal malpractice claim because the South Carolina Supreme Court has held that a claim for breach of fiduciary duty is duplicative of a legal malpractice claim where, as in this case, the duty allegedly breached arises from the attorney–client relationship. *RFT Mgmt. Co., L.L.C. v. Tinsley & Adams L.L.P.*, 732 S.E.2d 166, 173 (S.C. 2012).

18. All of the Skipper Plaintiffs' remaining claims against the Lewis Brisbois Defendants are an obvious sham, such as their claim for breach of an implied duty of workmanlike service, which no South Carolina court has ever applied to lawyers, and their claim for barratry, which plainly does not fit the facts alleged in the Complaint.

19. <u>Third</u>, even if the claims against the Lewis Brisbois Defendants were not fraudulently joined for the reasons stated above, ACE alleges on information and belief that

6

3055899v1/014141

the partial assignment to the Skipper Plaintiffs of claims against the Lewis Brisbois Defendants was collusive and designed to destroy diversity jurisdiction. As such, the assigned claims may be disregarded for jurisdictional purposes. *See, e.g.*, *Carter v. Seaboard Coast Line R. Co.*, 318 F. Supp. 368, 373–74 (D.S.C. 1970). The Court may disregard the assignment even if it is valid under state law, and even if the Court does not find that the claims against the Lewis Brisbois Defendants were "fraudulently joined." *See Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 184, 186 (5th Cir. 1990). To the extent Plaintiffs challenge removal, ACE reserves the right to seek jurisdictional discovery into the intended purpose of the assignment of claims against, and joinder of, the Lewis Brisbois Defendants.

20.   <u>Fourth</u>, the Court may ignore the residency of the Skipper Plaintiffs and/or the Lewis Brisbois Defendants under the doctrine of procedural or fraudulent "misjoinder." The Skipper Plaintiffs and/or the Lewis Brisbois Defendants were joined in an effort to defeat diversity. The claims asserted against the Lewis Brisbois Defendants have no real connection to the claims asserted against ACE.

21.   <u>Fifth</u>, even if the Court determines that the Settlement Agreement and Assignment is valid and that there was no fraudulent joinder or collusion to defeat diversity jurisdiction, ACE respectfully submits that the Court should drop the Lewis Brisbois Defendants from this action, or sever any validly asserted claims against them, pursuant to the Court's broad discretion under F.R.Civ.P. 21. The Lewis Brisbois Defendants are not indispensable parties to this action.

22.   This Notice of Removal complies with the requirements of 28 U.S.C. §§ 1441 and 1446. All Defendants consent to removal and none of the Defendants is a citizen of South Carolina. *See* **Exhibit 3** (Lewis Brisbois Defendants' notice of consent to removal)

This Notice of Removal has been timely filed within thirty (30) days of service of the Complaint upon ACE.

23.  The Aiken Division of the United States District Court for the District of South Carolina is the proper venue because it is the "district and division" embracing Allendale County.  28 U.S.C. §§ 1441(a), 121(4)

24.  ACE submits this Notice of Removal without waiving any defenses to the claims asserted by Plaintiffs or conceding that Plaintiffs have pled claims upon which relief can be granted.

WHEREFORE, ACE prays that the above action now pending against it in the Court of Common Pleas for Allendale County, South Carolina, be removed therefrom to this Court, that this Court exercise jurisdiction over this action, and that this Court grant such other further relief as this Court deems just and necessary.

Greenville, South Carolina  
Dated: February 20, 2014

By: /s/ *Ronald K. Wray, II*  
Ronald K. Wray, II  
U.S. District Court No. 5673  
GALLIVAN, WHITE & BOYD, P.A.  
One Liberty Square  
55 Beattie Place, Suite 1200  
Greenville, South Carolina 29601  
Telephone:  (864) 271-9580  
Fax:  (864) 271-7502  
rwray@gwblawfirm.com

3055899v1/014141

*/s/ Robert Rivera, Jr.*
Robert Rivera, Jr. (*pro hac vice to be submitted*)
Robert S. Safi (*pro hac vice to be submitted*)
SUSMAN GODFREY L.L.P.
1000 Louisiana Street, Suite 5100
Houston, Texas 77002-5096
Telephone: (713) 651-9366
Fax: (713) 654-6666
rrivera@susmangodfrey.com
rsafi@susmangodfrey.com

*Attorneys for ACE Property and Casualty Insurance Company*
