# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# AIKEN DIVISION

| | |
|---|---|
| George Skipper, Veronica Skipper, Michael Perry Bowers, Specialty Logging, LLC, and Harold Moors, <br><br>    Plaintiffs, <br><br>v. <br><br>ACE Property and Casualty Insurance Company, Brantley C. Rowlen, and Erin Lawson Coia, <br><br>    Defendants. | Civil Action No. 1:14-cv-00444-JMC <br><br><br><br>**ORDER** |

Plaintiffs George Skipper, Veronica Skipper, Michael Perry Bowers ("Bowers"), Specialty Logging, LLC ("SLL"), and Harold Moors ("Moors") (collectively "Plaintiffs") filed this action seeking damages from Defendants ACE Property and Casualty Insurance Company ("ACE"), Brantley C. Rowlen ("Rowlen"), and Erin Lawson Coia ("Coia") (collectively "Defendants") for their alleged mishandling of a lawsuit arising out of an automobile/log truck collision that resulted in a civil action captioned George Skipper v. Specialty Logging, LLC, Civil Action Number 2012-CP-03-172 (hereinafter the "Underlying Lawsuit"). (ECF No. 1-1.) Specifically, Plaintiffs assert state law claims against ACE for bad faith/breach of the covenant of good faith and fair dealing, negligence, breach of contract, restitution/unjust enrichment/quantum meruit; claims against Rowlen and Coia for legal professional negligence, breach of fiduciary duty, breach of the implied warranty of workmanlike service, interference with contractual relationship; and claims against Defendants collectively for barratry and equitable indemnity. (Id. at 18–34.)

This matter is before the court pursuant to a motion by Rowlen and Coia to dismiss the

claims asserted against them by George Skipper and Veronica Skipper (together the "Skipper Plaintiffs") for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (the "Rule 12(b)(6) motion"). (ECF No. 5.) In addition, ACE moves the court to dismiss the action against it also pursuant to Fed. R. Civ. P. 12(b)(6). (ECF No. 12.) Plaintiffs filed memorandums in opposition to both pending Rule 12(b)(6) motions. (ECF Nos. 15, 20.) Plaintiffs further move the court to remand the matter to state court on the ground that removal was improper because diversity jurisdiction does not exist. (ECF No. 19.)

In addressing the merits of these pending motions, the court must consider a determinative issue of whether a legal malpractice claim is assignable. This issue has not been addressed by controlling precedent of the South Carolina appellate courts. As a result, the court must certify this issue to the South Carolina Supreme Court.

## I. RELEVANT BACKGROUND AND FACTUAL FINDINGS[1]

Skipper Plaintiffs are husband and wife and citizens of the State of Georgia. (ECF No. 1-1 at 8 ¶1, n.1.) On September 22, 2010, George Skipper was involved in a vehicle accident (the "Accident") with a logging truck owned by SLL[2] and driven by Moors. (Id. at 10 ¶ 13, 11 ¶ 16.) ACE[3] insured SLL's logging truck under a commercial auto insurance policy with limits of $1,000,000.00 per occurrence (the "Policy"). (Id. at 11 ¶¶ 16–17.) Plaintiffs allege that the Accident caused serious and permanent bodily injuries to George Skipper. (Id. at ¶ 15.)

On May 15, 2012, George Skipper's attorney wrote to ACE, outlined the extent of

---

[1] In light of the procedural posture of this case, the facts set forth herein are essentially the allegations in the complaint.
[2] SLL is a limited liability company organized and existing under the laws of the State of South Carolina. (ECF No. 1-1 at 8 ¶ 2.) SLL is owned and operated by Bowers, a citizen of South Carolina. (Id. at ¶ 3.) Moors is also a citizen of South Carolina. (Id. at 9 ¶ 4.)
[3] ACE is an insurance company organized and existing under the laws of the Commonwealth of Pennsylvania with its principal place of business in Philadelphia, Pennsylvania. (ECF No. 1 at 4 ¶ 11.)

George Skipper's injuries, and demanded the Policy's coverage limits of $1,000,000.00 to settle George Skipper's claims within thirty (30) days. (Id. at 12 ¶ 21.) ACE retained the law firm of Lewis Brisbois Bisgaard & Smith LLP[4] to represent SLL's and Harold Moors' interests and defend them against George Skipper's claims. (Id. at ¶ 22.) ACE also hired a physician to evaluate George Skipper's claims. (Id. at 13 ¶ 24.) The physician concluded that George Skipper's alleged back injuries pre-existed the Accident and were not aggravated by the Accident. (Id.) On that basis, ACE offered $50,000.00 to settle the matter. (Id.)

On August 17, 2012, George Skipper commenced the Underlying Lawsuit in the Allendale County (South Carolina) Court of Common Pleas against SLL and Moors alleging that they were negligent, careless, reckless, grossly negligent, willful and wanton in causing the wreck that injured George Skipper. (Id. at 13 ¶ 25.) By letter dated February 14, 2013, George Skipper's attorney made a settlement demand for $2,500,000.00 in the form of an offer of judgment, which offer would expire twenty (20) days later. (Id. at 14 ¶ 28.) Defendants did not accept George Skipper's offer of judgment. (Id. at ¶ 29.) ACE then offered to settle George Skipper's claim for $981,211.11, the amount of coverage that remained after paying his property damage claim. (Id.)

On May 28, 2013, George Skipper's attorney offered to settle the matter on a "high-low" basis with the "high" being $7,000,000.00 and the "low" being the coverage available under the Policy.[5] (Id. at 15 ¶ 31.) ACE rejected the "high-low" settlement proposal on June 11, 2013, but again offered to settle the claims for the remaining policy limits. (Id. at ¶ 32.)

---

[4] Rowlen and Coia are attorneys in the Atlanta Office of Lewis Brisbois and are citizens of the State of Georgia. (ECF No. 1 at 2 ¶ 3, 4 ¶ 12.)

[5] Pursuant to the "high-low" offer, "only the issue of Defendants' conduct in handling the claim would be litigated." (ECF No. 1-1 at 15 ¶ 31.) "If the trier of fact found in favor of the Defendants, the Skippers would accept and ACE would pay its remaining coverage of $981,211.21; if the trier of fact found against the Defendants, ACE would pay Skipper $7,000,000." (Id.)

On January 14, 2014, Skipper Plaintiffs and SLL, Bowers, and Moors (together the "SLL Plaintiffs") entered into a Settlement Agreement, Agreement to Stay Execution of Judgment, and Springing Covenant not to Execute (the "Settlement Agreement").  (Id. at 17 ¶ 36 (referencing ECF No. 1-1 at 40–47).)  Pursuant to the Settlement Agreement, SLL Plaintiffs agreed to, and did, execute a confession of judgment (the "Confession of Judgment") in which they admitted liability for the injuries and losses sustained by Skipper Plaintiffs and agreed that the value of those injuries and losses was $4,500,000.00.[6]  (ECF No. 1-1 at 43 § 3.1.)  SLL Plaintiffs further agreed in the Settlement Agreement to assign to Skipper Plaintiffs an interest in any claims against ACE, Rowlen, and Coia (the "Assignment").  (Id. at 44 § 5.1, 45 § 5.2 (Skipper Plaintiffs and SLL Plaintiffs "will institute a civil action against Ace and its assigned counsel . . ." and SLL Plaintiffs agree to "assign a portion of the recovery from those claims to [Skipper] Plaintiffs, and hereby give [Skipper] Plaintiffs a lien against the proceeds from the claims . . . .").)  Pursuant to the Assignment, Skipper Plaintiffs could receive anywhere from 85 to 95 percent of the proceeds from a settlement of the claims—even if the settlement was for less than the amount of the Confession of Judgment.  (Id. at 45 §§ 5.3–5.3.5.)  Skipper Plaintiffs and SLL Plaintiffs agreed that if the Settlement Agreement was found invalid, then Skipper Plaintiffs' underlying lawsuits would be "reinstated so as to return the parties the status quo prior to the execution of the Settlement Agreement and the entry of the Confession of Judgment."  (Id. at 43 § 3.2.)  They also agreed that "if any part of this Agreement is declared to be in any way illegal, void or unenforceable, then the entire Agreement is void."  (Id.; see also id. at 44 § 4.4.)

---

[6] The Confession of Judgment was not filed.  Skipper Plaintiffs agreed to delay filing the Confession of Judgment and stay its execution "until all claims that may be brought by or on behalf of [Skipper Plaintiffs] and [SLL Plaintiffs] . . . are resolved by settlement or verdict or otherwise resolved or abandoned."  (ECF No. 1-1 at 44 § 4.2.)  Accordingly, the Confession of Judgment is being held in "trust" by Skipper Plaintiffs' attorney so long as SLL Plaintiffs cooperate in the present lawsuit as required by the Settlement Agreement.  (See id. at 43 § 3.1, 46 § 5.5.)

On January 15, 2014, Plaintiffs commenced the instant action in the Allendale County (South Carolina) Court of Common Pleas alleging the aforementioned causes of action against Defendants.  (ECF No. 1-1.)  On February 20, 2014, ACE removed the case to the United States District Court for the District of South Carolina pursuant to 28 U.S.C. § 1332.  (ECF No. 1.)  In the notice of removal, ACE asserted that removal was proper because the court possessed diversity jurisdiction over the matter since (1) Skipper Plaintiffs have no valid claims to assert because the Settlement Agreement and Assignment are invalid; (2) Skipper Plaintiffs' claims against ACE, Rowlen, and Coia were fraudulently joined; and (3) the assignment of claims against ACE, Rowlen, and Coia was collusive and designed to defeat diversity jurisdiction.  (ECF No. 1 at 3 ¶ 8.)  ACE further asserted that the amount in dispute exceeds the requisite sum of $75,000.00.  (Id. at ¶ 7.)

On February 21, 2014, Rowlen and Coia filed their Rule 12(b)(6) motion and ACE filed its Rule 12(b)(6) motion on February 27, 2014.  (ECF Nos. 5, 12.)  On March 17, 2014, Plaintiffs filed their motion to remand.  (ECF No. 19.)

## II.     LEGAL STANDARD

Federal courts in diversity cases apply the law of the forum state.  Erie R.R. Co. v. Tompkins, 304 U.S. 64, 78 (1938).  In situations in which "there is no case law from the forum state which is directly on point, the district court attempts to do as the state court would do if confronted with the same fact pattern."  Roe v. Doe, 28 F.3d 404, 407 (4th Cir. 1994) (internal citations omitted).  The Fourth Circuit has noted that "[o]nly if the available state law is clearly insufficient should the court certify the issue to the state court."  Id. (citing Smith v. FCX, Inc., 744 F.2d 1378, 1379 (4th Cir. 1984)).

South Carolina Appellate Court Rule 244 provides that the South Carolina Supreme

Court "in its discretion may answer questions of law certified to it by any federal court of the United States . . . when requested by the certifying court if there are involved in any proceeding before that court questions of law of this state which may be determinative of the cause then pending in the certifying court when it appears to the certifying court there is no controlling precedent in the decisions of the Supreme Court." Rule 244(a), SCACR. The certification order must set forth: (1) "the questions of law to be answered"; (2) "all findings of fact relevant to the questions certified"; and (3) "a statement showing fully the nature of the controversy in which the questions arose." Rule 244(b), SCACR.

### III. NATURE OF THE CONTROVERSY

A.     The Parties' Arguments

Skipper Plaintiffs, Rowlen, and Coia are all citizens of the State of Georgia. As a result, Plaintiffs argue that the court should remand the matter to the Allendale County (South Carolina) Court of Common Pleas because there is a lack of complete diversity of citizenship among the parties.[7] (ECF No. 19-1 at 12.) Defendants oppose remand asserting that the motion should be denied because Skipper Plaintiffs are not real parties in interest and have been collusively or fraudulently joined to this action by virtue of a void assignment of alleged legal malpractice and related tort claims by SLL Plaintiffs against their former counsel, Rowlen and Coia; and there is complete diversity between the real parties in interest. (ECF No. 27 at 1.)

In support of their position, Plaintiffs assert that Skipper Plaintiffs are real parties in

---

[7] ACE removed this case based on diversity jurisdiction. For this removal to have been proper, the court must agree with ACE on one of the following assertions: (1) Skipper Plaintiffs do not have any claims against either ACE or Rowlen and Coia; (2) Skipper Plaintiffs do not have any claims against Rowlen and Coia and Skipper Plaintiffs claims against ACE should be severed from the claims of SLL Plaintiffs against Rowlen and Coia; or (3) even if Skipper Plaintiffs and SLL Plaintiffs have valid claims against both ACE and Rowlen and Coia, the claims against ACE should be severed from the claims against Rowlen and Coia. If the court does not agree with any of these assertions, the matter must be remanded to state court.

6

interest because legal malpractice claims are assignable under South Carolina law. (Id. at 39–53 (citing, e.g., Fowler v. Hunter, 697 S.E.2d 531 (S.C. 2010) (affirming Fowler v. Hunter, 668 S.E.2d 803 (S.C. Ct. App. 2008))).) In Fowler, the South Carolina Supreme Court affirmed a holding by the South Carolina Court of Appeals that a professional negligence claim against an insurance agency could be assigned pursuant to a settlement agreement so long as the risk of collusion was minimized. Fowler, 697 S.E.2d at 535. However, if the court was not persuaded by Fowler and the other case law cited by Plaintiffs, they requested that the court certify this issue to the South Carolina Supreme Court before issuing a decision. (Id. at 57.)

Defendants contend that the claims against Rowlen and Coia are for legal malpractice and arise from their attorney/client relationship with SLL Plaintiffs and the assignment of such claims is void as against public policy. (See ECF No. 5-1.) In support of this argument, Rowlen and Coia specifically point out that although South Carolina appellate courts have not addressed whether a legal malpractice claim is assignable, the court should be persuaded that assignment of legal malpractice claims is void as against public policy pursuant to the opinion issued by Judge J.C. Nicholson, Jr. in Pavilion Dev. Corp. v. Nexsen Pruet, LLC, No. 2011-CP-10-05774, 2013 WL 5925732 (S.C. Ct. C.P. Oct. 9, 2013).[8] (ECF No. 5-1 at 7–10.) In Pavilion, Judge Nicholson found that a party's assignment of a legal malpractice claim to an adversary in the litigation in which the alleged malpractice arose is void as against public policy. Pavilion, 2013 WL 5925732 at *9. In reaching this conclusion, Judge Nicholson noted that the majority view of jurisdictions "is that legal malpractice claims are not assignable because they are void as against public policy." Id. at *4 (identifying the following states as having adopted the majority view: Arizona, California, Florida, Illinois, Indiana, Kansas, Kentucky, Michigan, Minnesota, Missouri, Nebraska, Nevada, New Jersey, Tennessee, Virginia, West Virginia, and North

---

[8] Pavilion was attached as an exhibit to ACE's notice of removal. (See ECF No. 1-2 at 11–22.)

Carolina). Based on the foregoing, Rowlen and Coia assert that because the Assignment is void, Skipper Plaintiffs have no basis for any other cause of action against them and, therefore, the complaint against them should be dismissed.

B.     The Court's Review

After reviewing the authority cited by the parties, the court is persuaded that certification is appropriate in this case. There is only one case that addresses the issue of whether a legal malpractice claim can be assigned and that opinion originated from the South Carolina Circuit Court without review by an appellate level court. Based on the lack of controlling precedent, the court finds that the available state law on the assignability of a legal malpractice claim is clearly insufficient. Therefore, because the assignability of a legal malpractice claim is a determinative issue, the court proceeds with certifying a question to the South Carolina Supreme Court.

### III.     CERTIFIED QUESTION

The court certifies the following question:

Can a legal malpractice claim be assigned between adversaries in litigation in which the alleged legal malpractice arose?

### IV.     CONCLUSION

Based on the foregoing, the court **CERTIFIES** the foregoing question to the South Carolina Supreme Court. The clerk shall forward a copy of this Order to the South Carolina Supreme Court under this court's official seal. In the interest of judicial economy and its docket considerations, the court **DENIES** without prejudice the motions to dismiss of ACE Property and Casualty Insurance Company, Brantley C. Rowlen, and Erin Lawson Coia with leave to re-file after adjudication of the certified question. (ECF Nos. 5, 12.)

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

September 19, 2014
Columbia, South Carolina